UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONGSAVAT SAYASANE,<br><br>                 Petitioner,<br><br>      v.<br><br>M. ARVIZA,<br><br>                 Respondent. | No. 1:23-cv-00853-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 5, 2023, Petitioner filed the instant petition in this Court. He is in the custody of the Bureau of Prisons ("BOP") at FCI-Mendota. He claims the BOP has miscalculated his sentence and failed to award him the full amount of good time credits to which he is entitled. He further claims that an immigration detainer placed on him by the Bureau of Immigration and Customs Enforcement has prevented him from being placed in a halfway house or home confinement. The petition is unexhausted. Therefore, the Court will recommend the petition be DISMISSED without prejudice.

/////

/////

1

**DISCUSSION**

**I.      Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. § 542.10 et seq.

Petitioner concedes that he has not administratively exhausted his claims.  He states he was unaware that he could file an administrative appeal or otherwise seek administrative remedies until now.  He does not state why he chose to file a federal habeas petition before first seeking administrative relief.  The Court finds no reason to excuse the failure to exhaust administrative remedies in this case.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

Case 1:23-cv-00853-ADA-SKO   Document 5   Filed 06/07/23   Page 3 of 3

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 6, 2023**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE